IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHRIS ERWIN and
T. BLAKE MITCHELL                                                                              PLAINTIFFS

v.                                            No. 4:12CV671 JM

DAVID HUDSON, Individually and in his Official
Capacity as a Police Officer in and for the City of
Little Rock, Arkansas; STUART THOMAS, Chief of
Police, Individually and in his Official Capacity as
Chief of Police for the Little Rock Police Department;
CITY OF LITTLE ROCK, ARKANSAS; FERNEAU, LLC;
DONNIE FERNEAU; and JOHN DOES 1-10                                                             DEFENDANTS

## ORDER

Chris Erwin and Blake Mitchell filed this action against the defendants arising out of an incident that occurred on the evening of October 29, 2011, between Plaintiffs and David Hudson, an off-duty police officer working security at the Ferneau restaurant in Little Rock. Pending are a motion for summary judgment filed by the City of Little Rock (the "City") and Stuart Thomas, individually and in his official capacity as Chief of Police for the City of Little Rock ("Chief Thomas") (Docket No. 54); a motion for summary judgment filed by Ferneau, LLC ("Ferneau") and Donnie Ferneau (Docket No. 57); and Plaintiffs' motion for partial summary judgment on the issue of Ferneau's liability (Docket No. 60).[1] For the reasons stated below, these motions are granted in part and denied in part.

I.     Background

On the night of October 29, 2011, off-duty police officer Hudson was working security at the Ferneau restaurant in Little Rock. While he was sitting outside the door of the restaurant on a

---

[1] The Court previously denied David Hudson's motion for summary judgment on the issue of qualified immunity by order entered August 27, 2015, which denial was affirmed by the Eighth Circuit Court of Appeals on April 14, 2016.

stool, a bartender from the restaurant came and asked Hudson to speak to Plaintiffs about leaving the restaurant. According to Ferneau, Plaintiffs and their dates were uninvited guests at a private party hosted on one side of the restaurant, but Plaintiffs testified that they were unaware that there was a private party in progress. Either way, Hudson initially made contact with Plaintiffs inside the restaurant and told them that they needed to leave. There is a dispute about what happened after Plaintiffs paid their tab and went outside the restaurant. Hudson states that Erwin approached him and demanded to know who had said they had to leave; when he realized that Erwin would not drop the issue and leave, Hudson advised Erwin that he was under arrest and spun him towards the wall where they wrestled. Erwin, on the other hand, stated that after he got outside the restaurant, Hudson ran up to him and got in his face and said "I thought I told you to f-ing leave." The undisputed result of their encounter is that and Hudson hit Erwin in the face seven times with a closed fist and arrested him for disorderly conduct and criminal trespassing. Mitchell attempted to intervene once Hudson began hitting Erwin and was arrested for public intoxication, disorderly conduct, and interfering with a police officer. Part of the incident was recorded on a bystander's cell phone. Eventually, the misdemeanor charges against Plaintiffs were dismissed by the Sherwood District Court for discovery violations by the City.

On November 3, 2011, Plaintiffs filed a complaint against Hudson with the Little Rock Police Department's Internal Affairs Division. After conducting an investigation, it was determined that Hudson had violated LRPD policies prohibiting the use of excessive force for which Chief Thomas issued a letter suspending Hudson for thirty days.

Plaintiffs filed this action on October 26, 2012 making a number of claims. As to the City and Chief Thomas, Erwin alleges violations of his civil rights to be free from excessive force.

Erwin and Mitchell also allege violations of their civil rights to be free from unlawful arrest. In addition, Erwin make state claims against the City and Chief Thomas for assault and battery, and Erwin and Mitchell assert state claims for false imprisonment and malicious prosecution. As to Ferneau and Donnie Ferneau, Plaintiffs claim liability for alleged negligence in their duties to Plaintiffs as patrons of the restaurant and seek to hold them liable for Hudson's actions through *respondeat superior*.

II.	Summary Judgment Standard

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988)) (citations omitted). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

III.   The City's Motion for Summary Judgment

Erwin has sued the City[2] for violations of his federal and state civil rights to be free from excessive force, and both Plaintiffs have sued the City[3] for violations of their federal and state civil rights to be free from unlawful arrest. In addition, Erwin has sued the City for assault and battery under Arkansas law, and both Plaintiffs have sued the City for false imprisonment and malicious prosecution under Arkansas law.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor-- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (emphasis in original). However, a municipality may be held liable for an employee's unconstitutional actions under § 1983 if the municipality's custom or policy caused the action. *Id*. A plaintiff must prove that either the policy is "officially adopted and promulgated by" the municipality, or the practice is "so permanent and well-settled so as to constitute a custom, that existed and through which" the municipal employee acted in violating the plaintiff's constitutional right. *Davison v. City of Minneapolis, Minn*, 490 F.3d 648, 659 (8th Cir. 2007) *(*citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)).

The Court finds that there are fact questions as to the City's liability under §1983 for excessive force, and the City's motion for summary judgment is denied on this claim.   Erwin has presented evidence that Hudson was trained by the Little Rock Police Department that a closed-fist punch to the face was an acceptable manner to control a suspect.   Further, Erwin presented

---

[2] Erwin also sued Chief Thomas in his official and his individual capacity.   A claim against a city employee acting in his official capacity is a claim against the city, *Rogers v. City of Little Rock, et al*., 152 F3d. 790, 800 (8th Cir. 1998); and the claims against Chief Thomas in his individual capacity are addressed separately in this opinion.

[3] Both Plaintiffs also sued Chief Thomas in his official and his individual capacity; see above footnote.

conflicting testimony from training officers as to the actual policy of the City regarding the use of closed-fist face punching and training. These questions of fact preclude the entry of summary judgment on the issue of excessive force. The Court likewise finds that material questions of fact exist that prohibit the entry of summary judgment on Plaintiffs' state law claims of assault and battery.

However, Plaintiffs failed to respond to the City's argument on the issue of unlawful arrest, and the City's motion for summary judgment on Plaintiffs' federal and state law claims of unlawful arrest is granted.

IV. Chief Thomas's Motion for Summary Judgment

Plaintiffs do not claim that Chief Thomas directly participated in Hudson's conduct towards them. Rather, Plaintiffs allege that Chief Thomas is responsible for the actions of Hudson because he failed to adequately supervise or train Hudson. The Eighth Circuit has recently affirmed that "[w]hen a supervising official who had no direct participation in an alleged constitutional violation is sued for failure to train or supervise the offending actor, the supervisor is entitled to qualified immunity unless plaintiff proves that the supervisor (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts. *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (quoting *Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir.2012)).

The first prong sets out a "rigorous standard" that requires Plaintiffs to prove that Chief Thomas had notice of a pattern of conduct by Hudson that violated a clearly established constitutional right. *Id.* The Court has held that there is a fact question as to whether Hudson's conduct on the night in question violated a clearly established constitutional right. Assuming for

5

purposes of this argument that Plaintiffs' clearly established constitutional rights were violated, they would still have to prove that Chief Thomas had notice of a pattern of such conduct by Hudson that was "very similar" to the conduct giving rise to liability. *Id.* at 340 (quoting *Livers* at 356). Plaintiff does not offer any evidence in response to Chief Thomas's motion for summary judgment to support a finding of notice by Chief Thomas. Plaintiffs argue that "specific instances of alleged excessive force exist" as to Hudson but do not list any instances, much less any that are very similar to the conduct at issue in this case.

Regarding the second prong, "deliberate indifference is a subjective standard that "entails a level of culpability equal to the criminal law definition of recklessness*." Krigbaum* at 341 (citing B.A.B., Jr. v. Bd. of Educ. of St. Louis, 698 F.3d 1037, 1040 (8th Cir.2012). In the absence of proof of the first prong, the Court is not required to reach the second. To complete the record on this issue, however, the Court finds that Plaintiff has failed to prove that Chief Thomas was deliberately indifferent. In the absence of the required proof set forth in *Kringbaum*, Chief Thomas is entitled to qualified immunity on the claims of Plaintiff, and his motion for summary judgment is granted.

    V.    <u>Donnie Ferneau's Motion for Summary Judgment</u>

Donnie Ferneau was a member of Ferneau, LLC and the restaurant's chef. Pursuant to Ark. Code Ann. §4-32-304, "a person who is a member, manager, agent or employee of a limited liability company is not liable for a debt, obligation, or liability of the limited liability company, whether arising in contract, tort, or otherwise."[4] In support of their motion for summary judgment against Donnie Ferneau, Plaintiffs rely on the testimony of Donnie Ferneau that he was acting as the owner, agent and operator of Ferneau, LLC in hiring and supervising David Hudson.

---

[4] This section includes an exception for those providing professional service which does not apply to Donnie Ferneau.

However, Donnie Ferneau was not present during the incident on October 18, 2011, and Plaintiffs have offered no evidence that he was acting in any capacity other than as an officer of the limited liability company. Donnie Ferneau's motion for summary judgment as to his personal liability is granted. For these same reasons, Plaintiffs' motion for summary judgment against Donnie Ferneau is denied.

> VI. Ferneau, LLC's Motion for Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment against Ferneau, LLC

Both Ferneau and Plaintiffs have moved for summary judgment on the issue of Ferneau's liability for Hudson's actions. Ferneau argues that the evidence proves that Hudson was an independent contractor and not an employee of Ferneau; an employer is not responsible under Arkansas law for the wrongful acts of its independent contractor. *Stoltze v. Ark. Valley Electric Coop. Corp.*, 127 S.W.3d 466 (Ark. 2003). Claiming an absence of disputed facts, Ferneau asks for judgment as a matter of law on this issue. Plaintiffs, on the other hand, argue that Ferneau is liable for Hudson's action under the law established by *Dillard Dep't Stores, Inc. v. Stuckey*, 511 S.W.2d 154 (Ark. 1974), which they cite for the proposition that when a police officer works off duty as security personnel for a private employer in Arkansas and commits a tort within the course and scope of that private employment, the private employer is vicariously liable for the tortious acts of that off-duty officer.

While the Court agrees that the *Stuckey* decision is applicable, it does not mandate a summary judgment on Plaintiffs' behalf. In *Stuckey*, an off-duty police officer was employed by the department store to deter shoplifting and "otherwise acts as a security guard." *Id.* at 155. The off-duty officer arrested Stuckey for shoplifting; she was subsequently acquitted. Stuckey then sued the department store for unlawful arrest and was awarded $1,000 by a jury. On appeal, the

department store argued that the officer was compelled by statute to make the arrest and that since the department store did not direct or bring about the arrest, no agency relationship existed as a matter of law. The Arkansas Supreme Court stated that "[i]t is ordinarily the rule that when the defendant's employee wrongfully brings about the plaintiff's arrest by a police officer, the employer's liability is a question of fact," then characterized the store's argument as follows: "In essence the appellant contends that despite the rule just mentioned, an employer, by engaging an off-duty policeman as its agent, can immunize itself from liability for an unlawful arrest whenever the officer acts upon his own initiative." *Id.* at 155.

The Arkansas Supreme Court relied on traditional agency principles and rejected the store's immunity-from-liability argument: "If . . . the arrest is made by the servant, not to advance the interests of his master but in the performance of his duty as a citizen, or solely because the servant is an officer of the state or municipality, the master is not liable. *This is a question to be determined by the triers of fact*." *Id.* Restatement (2d) of Agency, 245 (1957): (emphasis added). The Court finds that the present facts are similar to those in *Stuckey* with respect to this issue, and it is a question of fact for the jury whether Hudson acted in his capacity as an employee of Ferneau or as an independent contractor the time of his involvement with Plaintiffs. Therefore, both Plaintiffs' and Ferneau's motions for summary judgment as to Ferneau's liability are denied.

VII. Conclusion

For the reasons stated above:

1. The motion for summary judgment filed by Chief Thomas and the City of Little Rock (Docket No. 54) is GRANTED as to Chief Thomas in his individual capacity and as to the federal and state law claims for unlawful arrest; otherwise, the motion is DENIED;

8

2. The motion for summary judgment filed by Ferneau, LLC and Donnie Ferneau (Docket No. 57) is GRANTED as to Donnie Ferneau and is otherwise DENIED; and

3. The partial motion for summary judgment filed by Plaintiffs (Docket No. 60) is DENIED.

IT IS SO ORDERED this 29th day of September, 2016.

_____
HONORABLE JAMES M. MOODY JR.
United States District Judge